AFFIRM as modified; Opinion issued October 4, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00684-CR

**GEREMY THOMAS HENDERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F08-73646-Y**

# MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice FitzGerald

Geremy Thomas Henderson appeals from the adjudication of his guilt for assault involving family violence. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011); TEX. FAM. CODE ANN. § 71.004(1) (West 2008). The trial court assessed punishment at eight years' imprisonment. In four points of error, appellant contends the judgment should be modified to show: (1) he pleaded true to some of the allegations in the State's motion to adjudicate; (2) the conditions of community supervision he was found to have violated; (3) the correct name of the attorney representing the State at the adjudication hearing; and (4) the correct spelling of appellant's name. We modify the trial court's judgment adjudicating guilt and affirm as modified. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts.

We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

In its motion to adjudicate, the State alleged appellant violated conditions B, C, D, F, H, I, J, K, M, N, O, and P of his community supervision. During a hearing on the motion, the State withdrew the allegations concerning conditions C and I. Appellant pleaded true to violating conditions B, H, J, K, and O, and not true to violating conditions D, F, M, N, and P. After hearing testimony from witnesses and appellant, the trial court found appellant violated conditions B, D, F, H, J, N, O, and P. The judgment states appellant pleaded not true to the allegations in the motion to adjudicate and that the trial court found appellant violated the conditions of community supervision as set out in the motion. Thus, the judgment is incorrect. We sustain appellant's first and second points of error.

The record shows Don Guidry represented the State during the hearing on the motion to adjudicate, and that the correct spelling of appellant's first name is "Geremy." The judgment states appellant's first name as "Germey" and that Lea Thomson was the state's attorney. Thus the judgment is incorrect. We sustain appellant's third and fourth points of error.

We modify the trial court's judgment adjudicating guilt to show (1) appellant's true name is Geremy Thomas Henderson; (2) the attorney for the State is Don Guidry; (3) appellant pleaded true to violating conditions B, H, J, K, and O and not true to conditions D, F, M, N, and P; and (4) the trial court found appellant violated conditions B, D, F, H, J, N, O, and P of community supervision. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110684F.U05

−3−



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GEREMY THOMAS HENDERSON,
Appellant

No. 05-11-00684-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 7 of Dallas County, Texas. (Tr.Ct.No.
F08-73646-Y).
Opinion delivered by Justice FitzGerald,
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The judgment adjudicating guilt is modified to show appellant's true name is "Geremy Thomas Henderson."

The section entitled "Attorney for State" is modified to show "Don Guidry."

The section entitled "Plea to Motion to Adjudicate" is modified to show "True to conditions B, H, J, K, O and Not True to conditions D, F, M, N, P."

The section entitled "(5) While on community supervision" is modified to show "(5) While on community supervision, Defendant violated conditions B, D, F, H, J, N, O, P of community supervision."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 4, 2012.

KERRY P. FITZGERALD
JUSTICE